IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY CHARLES THOMAS,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 3:23-CV-1527-N-BT** |
| | § | **(NO. 3:18-CR-460-N)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Timothy Charles Thomas under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.      BACKGROUND

The record in the underlying criminal case reflects the following:

On September 11, 2018, Movant was named in a sealed indictment charging him in count one with conspiracy to possess with intent to distribute and distribution of five hundred grams or more of a mixture and substance containing a detectable amount of cocaine and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, its salts, optical and geometric isomers, and salts of its isomers, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. CR ECF No.[1] 1. Movant and his counsel signed a factual resume setting forth the elements of

_____

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No.

the offenses charged in the indictment and the stipulated facts establishing that Movant had committed those offenses. CR ECF No. 570. On June 18, 2020, Movant appeared for rearraignment and testified under oath that: he and counsel had discussed how the sentencing guidelines might apply and he understood that he should not depend or rely on any statement or assurance by anyone as to what sentence he would get; he understood that the facts the Court could consider were not limited to those set out in the factual resume; he understood the essential elements of the offenses charged by the indictment and he committed each of them; his plea was not induced by any threats or promises; he understood the penalties he faced, which were recited in open court; he had read, understood, and discussed the factual resume with counsel before signing it; and, the facts set forth in the factual resume were true and correct.. CR ECF No. 742.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 602, ¶ 47. He received a two-level increase for possession of a dangerous weapon. *Id.* ¶ 48. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 54, 55. Based on a total offense level of 33 and a criminal history category of VI, his guideline imprisonment range was 235 to 293 months. *Id.* ¶ 120. Movant filed objections to the PSR, CR ECF No. 627, and the probation officer prepared an addendum. CR ECF No. 638. Movant again objected. CR ECF No. 722.

Movant was sentenced to a term of 240 months' imprisonment as to each count of the indictment, to run concurrently. CR ECF No. 730. He appealed. CR ECF No. 734. The United States Court of Appeals for the Fifth Circuit affirmed, noting in particular that Movant did not

---

3:18-CR-469-N.

deny he had distributed the amounts attributed to him, but only that the PSR was inadequately supported. *United States v. Thomas*, No. 21-10747, 2022 WL 1055177 (5th Cir. Apr. 8, 2022).

## II.     GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. In the first and second grounds, he alleges that his counsel was ineffective for failing to make a "proper objection" to the drug quantity amount and to present evidence at sentencing and that counsel should have objected to the Court's interpretation of the guidelines as mandatory. ECF No.[2] 1 at 4, 5.[3] In his third ground, Movant urges the Court to request the government to seek a resentencing based on the powder cocaine guidelines, consistent with a memorandum issued by the Department of Justice after the sentencing in this case. *Id.* at 7.

## III.    APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil case.
[3] The page number references to the motion are to "Page __ of 14" reflected at the top right of the document on the Court's electronic filing system. The typewritten page numbers on the printed form are not the actual page numbers.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

4

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

Movant acknowledges that counsel objected to the drug quantity determination. His complaint is that counsel failed to present any evidence at sentencing. ECF No. 1 at 4; ECF No. 2 at 3–11. Importantly, as was the case on appeal, Movant does not deny that he distributed the drug amounts attributed to him; rather, he says that the information in the PSR was not reliable. He does not present any evidence to support this ground.[4] Rather, he asks the Court to speculate as to what his co-defendant would have testified. Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, the movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010). In the Court's experience it would be extremely rare for one codefendant to testify in favor of another. In this case, Garren Johnson had already been held accountable for the drugs identified in the PSR as having been obtained from Movant. And, Movant himself faced loss of acceptance of

---

[4] Movant's allegation that he and Johnson would have testified that not all of the trips to Johnson's house were for the purpose of drug transactions is not evidence. ECF No. 7 at 5.

responsibility had he contested the drug quantity. He seemingly acknowledged this point in his allocution, stating that he just wanted to accept responsibility. CR ECF No. 739 at 10.

Movant urges that counsel was ineffective in failing to object to the Court's interpretation of the guidelines as being mandatory. ECF No. 1 at 5; ECF No. 2 at 11–16. Movant misinterprets the Court's statements at the sentencing hearing. The Court was not under the misimpression that it could not vary from the guidelines. Rather, the Court declined to exercise its discretion out of respect for Congress's policy judgment that cocaine and cocaine base should be treated differently. CR ECF No. 739 at 15. A guideline sentence was appropriate, and the Court did not see a reason to vary. *Id.* Whether to vary was within the Court's discretion. *United States v. Valdez*, 268 F. App'x 293, 297 (5th Cir. 2008).

In his third ground, Movant urges the Court to invite the government to seek resentencing based on a post-sentencing change in Department of Justice policy. ECF No. 1 at 7; ECF No. 2 at 16–18. This is not a cognizable claim under Section 2255. *See United States v. Addonizio*, 442 U.S. 178, 186–87 (1979); *United States v. Young*, No. 11-463-KD-N, 2014 WL 764521, at *15 (S.D. Ala. Feb. 25, 2014); *United States v. Roy*, No. 5:10-CV-80226, 2010 WL 391825, at *2 (W.D. Va. Feb. 3, 2010).

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of **May, 2024**.

David C. Godbey
Chief United States District Judge